IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **LAMAR ADVERTISING COMPANY,** ) | |
| ) | |
| **Plaintiff/Appellant,** ) | |
| ) | |
| v. ) | **CIVIL ACTION 09-0297-WS-C** |
| ) | |
| **BALDWIN COUNTY, ALABAMA,** ) | |
| *et al.*, ) | |
| ) | |
| **Defendants/Appellees.** ) | |

**ORDER**

This matter comes before the Court on plaintiff's Motion to Remand (doc. 4).

On April 29, 2009, plaintiff, Lamar Advertising Company, filed a Notice of Appeal and Complaint (the "Complaint") in the Circuit Court of Baldwin County, Alabama.  The Complaint sets forth Lamar's appeal of defendant Baldwin County Commission District 2 Planning & Zoning Board of Adjustment's decision denying it a land use certificate to relocate an advertising sign.  The Complaint also alleges causes of action against defendant Baldwin County, Alabama, for declaratory judgment (seeking a declaration that, *inter alia*, Lamar is entitled to relocate and to continue operating the sign), "Free Speech Violations," and "Equal Protection Violations."  As to the last two claims, the Complaint does not specify whether they are predicated on alleged violations of the United States Constitution or the Alabama Constitution.

Confronted with this ambiguity, and not wanting to waive their right to have any federal claims against them decided in a federal forum, defendants removed this action to this District Court on May 29, 2009.  The Notice of Removal stated that Lamar had brought claims for "deprivation of rights guaranteed by the First Amendment, and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution."  (Doc. 1, ¶ 2.)  On the basis of these claims, defendants contended that original federal jurisdiction existed under 28 U.S.C. §§ 1331 and 1343, such that removal was proper.

Lamar now seeks remand of this action to state court for lack of federal jurisdiction. In support of its Motion to Remand, Lamar maintains that it "has not pled any violations of the United States Constitution or any other federal laws," and that the constitutional claims set forth in the Complaint "are brought pursuant to the Alabama Constitution, which also safeguards free speech and equal protection rights." (Doc. 4, ¶¶ 5, 8.)[1] In response, defendants properly "concede that federal subject matter jurisdiction is lacking and this case should be remanded." (Doc. 7, ¶ 6.) Pursuant to the well-pleaded complaint rule, federal jurisdiction is absent here and remand is warranted. *See, e.g., Jones v. LMR Int'l, Inc.*, 457 F.3d 1174, 1178 (11th Cir. 2006) ("In determining whether federal jurisdiction exists, we apply the well-pleaded complaint rule, which requires that we look to the face of the complaint ..., for the existence of a federal question."). Of course, plaintiff's state-law causes of action are not a legally sufficient foothold for federal question jurisdiction merely because they could have been pleaded as federal claims had Lamar elected to do so. *See, e.g., Hill v. BellSouth Telecommunications, Inc.*, 364 F.3d 1308, 1314 (11th Cir. 2004) (recognizing that plaintiff is "free to avoid federal jurisdiction by pleading only state claims even where a federal claim is also available") (citation omitted). Inasmuch as a federal question cannot be found on the face of the Complaint, and the removing defendants now concede that federal jurisdiction is lacking, the Motion to Remand is **granted**. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). This action is hereby **remanded** to the Circuit Court of Baldwin County, Alabama for further proceedings.

Finally, plaintiff requests an award of costs and attorney's fees incurred as a result of removal. Pursuant to 28 U.S.C. § 1447(c), a plaintiff may be awarded costs and attorney's fees

---

[1] Unfortunately, plaintiff neglected to draw this distinction in the Complaint itself, which is silent as to whether the free speech and equal protection claims are brought under the United States Constitution (as defendants maintained in the Notice of Removal) or under the Alabama Constitution (as plaintiff now contends). That said, Lamar has represented to this Court that, upon resolution of the jurisdictional issue, it will file a First Amended Complaint clarifying that it is bringing exclusively state-law causes of action. (*See* doc. 5, at 1-2 & Exh. A.) A proposed First Amended Complaint reflecting this clarification is attached to document 5 as Exhibit A.

incurred through the improvident removal of an action from state court.[2]  However, the Supreme Court has explained that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 126 S.Ct. 704, 711, 163 L.Ed.2d 547 (2005); *see also Bauknight v. Monroe County, Fla.*, 446 F.3d 1327, 1329-32 (11th Cir. 2006) (following *Martin* and finding no abuse of discretion in district court's refusal to award costs and fees where removal was objectively reasonable and there were no unusual circumstances).  Lamar has shown neither that defendants lacked an objectively reasonable basis for seeking removal nor that unusual circumstances justify an award of fees and costs.  To the contrary, the improvident removal of this action to federal court appears in large part to have been caused by Lamar's ambiguous pleading and its failure to delineate in its Complaint that its constitutional claims were posited solely under Alabama law.  It was not unreasonable for defendants to assume from Lamar's Complaint that its claims for money damages for "Free Speech Violations" and "Equal Protection Violations" sounded in federal law.[3]  Given that removal was not objectively unreasonable and Lamar bears shared responsibility for the confusion culminating in improvident removal, plaintiff's request for an award of attorney's fees and costs is **denied**.

DONE and ORDERED this 17th day of July, 2009.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[2]  That section provides that a remand order may "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).

[3]  This is particularly true given that the Alabama Supreme Court has professed awareness of no authority "that recognizes a private cause of action for monetary damages based on violations of the provisions of the Constitution of Alabama of 1901."  *Matthews v. Alabama Agriculatural and Mechanical University*, 787 So.2d 691, 698 (Ala. 2000).